**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

December 1, 2005

Duane Everist Willoughby
Nancy Ann Willoughby
704 3rd Street
Box 642
Armour, South Dakota   57313

Gordon D. Swanson, Esq.
Deputy State's Attorney
415 N. Dakota Avenue
Sioux Falls, South Dakota   57104

Jay A. Alderman, Esq.
Chief Deputy State's Attorney (Civil)
300 Kansas City Street
Rapid City, South Dakota   57701

   Subject: *In re Duane Everist Willoughby and Nancy Ann Willoughby*
            Chapter 7; Bankr. No. 05-41025

Dear Mr. and Mrs. Willoughby, Mr. Swanson, and Mr. Alderman:

   The matter before the Court is Debtors' Motion to Avoid Lien[s] Pursuant to 11 U.S.C. § 522(f). This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014. As set forth below, Debtors' motion will be denied.[1]

   **Facts.** Duane Everist Willoughby and Nancy Ann Willoughby ("Debtors") filed a petition for relief under chapter 7 of the bankruptcy code on July 21, 2005. Debtors listed Davison County and Lincoln County as unsecured creditors on their schedule F. On July 29, 2005, Debtors amended their schedule F to include the claims of Charles Mix County, Hyde County, Minnehaha County, and Pennington County.

   On November 17, 2005, Debtors filed a Motion to Avoid Lien[s] Pursuant to 11 U.S.C. § 522(f). By their motion, Debtors sought to avoid certain liens held by Charles Mix County, Davison County,

---

   [1] The relevant facts are not in dispute. The issue presented is purely a question of law. Thus, no hearing was held.

Re:  *Duane Everist Willoughby and Nancy Ann Willoughby*
December 1, 2005
Page 2

Hyde County, Lincoln County, Minnehaha County, and Pennington County.  Debtors served their motion on the auditors for those counties.  Debtors did not serve their motion on the state's attorneys for those counties.

On November 22, 2005, the Minnehaha County state's attorney filed an objection to Debtors' motion, in which he described the lien held by Minnehaha County as a county aid lien and asked the Court to apply the rationale of *In re Taylor*, Bankr. No. 89-40349, slip op. (March 19, 1998), and deny Debtors' motion.  On November 23, 2005, the Pennington County state's attorney filed an objection to Debtors' motion, in which he likewise described the liens held by Pennington County as county aid liens and asked the Court to apply the rationale of *Taylor* and deny Debtors' motion.  On November 28, 2005, Debtors filed a response to Minnehaha County's objection, in which Debtors disputed Minnehaha County's claim that the auditor's office had no record of having been served with Debtors' motion.[2]

**Discussion.**  In *Taylor*, the Court held county aid liens were statutory liens and thus could not be avoided under 11 U.S.C. § 522(f).  Debtors have given the Court no reason to reach a different conclusion in this case.  Debtors' motion will therefore be denied with prejudice as to the county aid liens held by Minnehaha County and Pennington County.

Moreover, while it is not entirely clear the liens held by Charles Mix County, Davison County, Hyde County, and Lincoln County are statutory liens, Debtors have not shown, in their schedules or in their motion, those liens could be anything else.  Rather than run the risk of avoiding liens that cannot be avoided, the Court will also deny Debtors' motion with respect to the liens held by Charles Mix County, Davison County, Hyde County, and Lincoln County.  However, that denial will be without prejudice.  If the liens held by those counties are not in fact statutory liens, Debtors may re-file their motion and demonstrate they are something other than statutory liens.

Under the circumstances, the Court need not concern itself with whether the Minnehaha County auditor was in fact served with

---

[2] The Minnehaha County state's attorney received electronic notice of Debtors' response.  It does not appear Debtors served their response on the Minnehaha County auditor or the other parties in interest.

Re: *Duane Everist Willoughby and Nancy Ann Willoughby*
December 1, 2005
Page 3

Debtors' motion.[3] However, Debtors' failure to serve the state's attorneys for each of the counties identified in their motion would provide an additional basis for denying their motion. See LBR 9014-1(b)(5). Should Debtors decide to re-file their motion, they will need to comply with LBR 9014-1(b)(5).

    The Court will enter an appropriate order.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

cc: case file (docket original; serve parties in interest)

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

**DEC 0 1 2005**

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

---

[3] If Debtors' version of the facts surrounding their service of their motion on the Minnehaha County auditor is accurate, the Minnehaha County state's attorney may wish to counsel the auditor's office to refer such matters to him in the future rather than returning them to the sender.

Davison County Auditor
200 East 4th
Mitchell, SD 57301

Charles Mix County Auditor
400 East Main St.
Lake Andes, SD   57356

Hyde County Auditor
412 Commercial Ave SE
Highmore, SD 57345

Lincoln County Auditor
100 East 5th
Canton, SD 57013

Minnehaha County Auditor
415 North Dakota Ave.
Sioux Falls, SD 57104-2465

Jay Alderman
Deputy State's Attorney
300 Kansas City Street
Rapid City, SD 57701


Gordon D. Swanson, Deputy
Minnehaha Co. State's Attorney
415 North Dakota Ave.
Sioux Falls, SD 57104

Pennington County Auditor
315 St. Joseph St.
Rapid City, SD 57701

Duane Everist Willoughby
704 3rd St
Box 642
Armour, SD 57313

Nancy Ann Willoughby
704 3rd St
Box 642
Armour, SD 57313